# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-009 |
| | ) | |
| RASHAD JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO APPOINT COUNSEL AND CONTINUANCE OF ARRAIGNMENT

These matters came before the Court at defendant's April 10, 2019-scheduled arraignment. At the arraignment, the Court took under advisement defendant's motion for appointed counsel and continued the arraignment pending that appointment. The Court hereby files this written order granting defendant's motion for appointed counsel and continuing defendant's arraignment.

Title 18, United State Code, Section 3161 sets forth general timelines declaring when federal criminal cases should proceed to trial. *See, e.g.,* 18 U.S.C. § 3161(c)(1). The same statute also allows the Court to continue, either by motion of the parties or *sua sponte*, a scheduled proceeding on the basis of a "finding[] that the ends of justice served by taking such action outweigh the best interest of the public and the

defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). When additional time is granted, a Court must set forth the reasons for the additional time. This Court did this orally on April 10, 2019. Doc. 15. And, this Court does so now in writing with this document.[1]

Defendant was indicted on January 8, 2019, doc. 1, and had an initial appearance on March 18, 2019, doc. 5. At the initial appearance, defendant requested appointed counsel but, because his financial affidavit indicated that he did not qualify, the Court denied the motion and instructed defendant to hire his own attorney prior to his arraignment. *Id.* The Court scheduled an arraignment for April 10, 2019. Doc. 13. Defendant appeared on that date without an attorney and again requested that the Court appoint him an attorney. Doc. 15. At that time, the Court indicated that it would grant defendant's request for an attorney subject to defendant paying $200 into the Court registry per month. *Id.* The Court also *sua sponte* continued

---

[1] Although "[t]he best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance," *Zedner v. United States*, 547 U.S. 489, 507 n. 7 (2006), the Speedy Trial Act only requires that ends-of-justice findings "be put on the record by the time a district court rules on a defendant's motion to dismiss" for a violation of that Act. *Id.* at 507; *see also United States v. Myrie*, 479 F. App'x 898, 902 (11th Cir. 2012) ("[A] court must put its findings regarding an ends-of-justice continuance on the record at least by the time the court rules on a defendant's motion to dismiss for a speedy trial violation . . . ").

2

defendant's arraignment to April 24, 2019 to allow time for the appointment of counsel. *Id.*

The Court continued the arraignment because it found that the ends of justice served by taking that action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(b)(4). Specifically, the Court determined that failure to grant such a continuance would deny the defendant reasonable time to obtain counsel. *Id.* at § 3161(h)(7)(b)(4). Thus, the time between the initially scheduled arraignment on April 10, 2019 and the arraignment which ultimately occurred on April 24, 2019 is excluded in computing the time within which the trial of this matter may commence.

**SO ORDERED,** this 2nd day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA